Alan E. Kassan, State Bar No. 113864
Email: akassan@kantorlaw.net
Peter S. Sessions, State Bar No. 193301
Email: psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
DELIA CHAVARRIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELIA CHAVARRIA,<br><br>Plaintiff,<br><br>vs.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No.<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff Delia Chavarria herein sets forth the allegations of her Complaint against Defendant The Guardian Life Insurance Company of America.

1
COMPLAINT

## PRELIMINARY ALLEGATIONS

1. Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant an employee of LEO Pharma, Inc. and a resident of San Francisco County, State of California.

3. Plaintiff is informed and believes that the LEO Pharma, Inc. long-term disability ("LTD") benefit plan ("the LTD Plan") is an employee welfare benefit plan regulated by ERISA, established by LEO Pharma, Inc., under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to long-term disability benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

4. Plaintiff is informed and believes that Defendant The Guardian Life Insurance Company of America ("Guardian" or "Defendant") is a corporation with its principal place of business in the State of New York, authorized to transact and transacting business in the Northern District of California, and can be found in the Northern District of California.

5. Plaintiff is informed and believes that LEO Pharma, Inc. funded the LTD Plan through the purchase of a group LTD policy from Guardian.

6. Plaintiff is informed and believes that Guardian identifies the group policy it issued to the LTD Plan as Group Policy Number G-00494230 (the "Policy").

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

7. Plaintiff is further informed and believes that Guardian was responsible, in whole or in part, for claim administration under the LTD Plan, and acted in the capacity of a fiduciary for the LTD Plan. Guardian administered the claim with a conflict of interest and the bias this created affected the claims determination in this case.

8. Plaintiff is informed and believes that the Policy was issued with the intent to provide long-term disability coverage to residents of the State of California.

9. Plaintiff is informed and believes that the Policy was issued after January 1, 2012.

10. Plaintiff is informed and believes that the Policy has remained in effect since its inception, and was renewed after January 1, 2012.

11. Guardian can be found in this judicial district and the LTD Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**

**AGAINST THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA**

**FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS,**

**PREJUDGMENT AND POSTJUDGMENT INTEREST,**

**AND ATTORNEYS' FEES AND COSTS**

**(29 U.S.C. § 1132(a)(1)(B))**

12. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

13. At all times relevant, Plaintiff was employed by LEO Pharma, Inc., and was a covered participant under the terms and conditions of the LTD Plan. The LTD Plan was insured by Guardian, and Guardian was also the LTD Plan claims administrator and made all decisions to pay or deny benefit claims.

14. During the course of Plaintiff's employment, Plaintiff became entitled to LTD benefits under the terms and conditions of the LTD Plan. Specifically, on or about January 12, 2021, Plaintiff ceased work due to her disabling condition.

15.  Thereafter, Plaintiff submitted a claim for LTD benefits to Defendant Guardian. Plaintiff is informed and believes that Guardian identified her claim as Claim No. 116072.

16.  Defendant Guardian denied Plaintiff's claim for benefits in a July 12, 2021 letter, contending that she did not satisfy the Policy's definition of disability.

17.  Plaintiff appealed this decision on or about November 26, 2021.

18.  On or about March 7, 2022, Defendant Guardian denied Plaintiff's appeal of the denial of her LTD claim, again on the ground that she did not satisfy the Policy's definition of disability.

19.  Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Defendant failed to pay LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

(b) Defendant failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claim for LTD benefits;

(c) Defendant failed, after Plaintiff's claim was denied, to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d) Defendant failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

20.  Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

21. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all appeals as required under the LTD Plan and ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

22. As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

23. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

24. The wrongful conduct of Defendant has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff up to and including the date of judgment;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

/ / /

/ / /

/ / /

1     5.    Such other and further relief as this Court deems just and proper.

DATED: August 29, 2022                           KANTOR & KANTOR, LLP

                                        By:   /s/ Peter S. Sessions
                                                  Peter S. Sessions
                                                    Attorneys for Plaintiff
                                                  Delia Chavarria